IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | ) ) ) | CIVIL NO. 06-00059 JMS/KSC |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM |
| CHARLES PANKOW BUILDERS, LTD.; STATE OF HAWAII; AND AMERICAN CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP, | ) ) ) ) ) ) | |
| Defendants. _____ | ) ) ) | |
| CHARLES PANKOW BUILDERS, LTD. AND AMERICAN CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP, | ) ) ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| ADMIRAL INSURANCE COMPANY, | ) ) ) | |
| Counterclaim Defendant. _____ | ) ) ) ) ) | |

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

I.  INTRODUCTION

Plaintiff/Counterclaim Defendant Admiral Insurance Company ("Admiral") has moved this court for an order dismissing Count II of the Counterclaim filed against it by Defendants/Counterclaim Plaintiffs Charles Pankow Builders, Inc. ("Pankow") and American Contractors Insurance Company Risk Retention Group ("ACIG") (hereinafter collectively, "Defendants").  Based on the following, Admiral's motion is DENIED.

II.  BACKGROUND

On March 22, 2004, Robert Umemura slipped and fell on a stairwell and died the next day.  His family brought suit against Pankow, among others, in August 2004.  Admiral's Complaint for Declaratory Judgment, Ex. D.  (Hereinafter, this August 2004 lawsuit will be referenced as the "underlying lawsuit.")  The instant lawsuit focuses on whether Admiral has an obligation to defend and indemnify Pankow against this underlying lawsuit.

On January 30, 2006, Admiral filed a Complaint for Declaratory Relief.  On February 24, 2006, Pankow and ACIG filed an Answer along with a three-count Counterclaim.  In Count I, both Defendants request declaratory relief; in Count II, Pankow alleges that Admiral breached its contract with Pankow; and

in Count III, ACIG requests contribution and equitable indemnity.  On March 20, 2006, Admiral filed the instant Motion to Dismiss Count II of the Defendants' Counterclaim (Pankow's breach of contract claim).

Pankow's Counterclaim alleges that Admiral issued a commercial general liability ("CGL") insurance policy to Sasco Electric and that Pankow is an additional insured under that CGL policy.  The Counterclaim further alleges that "Admiral has failed and refused to provide Pankow with a full and complete defense pursuant to its obligations to Pankow as an additional insured under its policy."  The Defendants alleged that Admiral's failure to offer a complete defense to Pankow has resulted in damages -- specifically, attorneys' fees and expenses in pursuing a defense from Admiral and attorneys' fees and expenses in defending against the underlying lawsuit.

The court heard arguments on the motion on May 30, 2006.  After reviewing the moving papers, the supporting and opposing memoranda, and the arguments of counsel, the court DENIES Admiral's motion.

### III.  STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"  Fed.R.Civ.P. 12(b)(6).  When reviewing a motion to dismiss for

failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss." *Id.*  Under Rule 12(b)(6), a complaint should not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699.

## IV.  DISCUSSION

Admiral argues that "Pankow has failed to state sufficient facts upon which to allege a cause of action for breach of contract . . . ." Memorandum in Support of Motion at 4.  Admiral further argues that there has been no breach of any contract and that Pankow has suffered no damages, such that Pankow's Counterclaim is not yet ripe. Memorandum in Support of Motion at 5.  In support of its motion, Admiral cites *Clinton v. Acequia, Inc.*, 94 F.3d 568 (9th Cir. 1996),

for the proposition that a party to a contract may not bring a breach of contract suit in anticipation of a future breach.

Admiral's arguments are without merit. Pankow has alleged sufficient facts to support a breach of contract claim. In its Counterclaim, Pankow alleges that: (1) a contract (the CGL policy) exists between Sasco Electric and Admiral, and Pankow is listed as an additional insured under this policy; (2) the allegations made against Pankow in the underlying lawsuit are within the scope of the CGL policy; (3) Admiral has breached this contract by failing to fully defend Pankow in the underlying lawsuit; and (4) Pankow has been injured by Admiral. Pankow has properly alleged a breach of contract claim.

Admiral argues that, "[w]ithout being able to show . . . the existence of a valid contract, Pankow fails to properly allege a breach of contract cause of action as to Admiral." Memorandum in Support of Motion at 7. Pankow *did*, however, properly *allege* a breach of contract and has properly *alleged* injuries resulting from that breach. The issue of whether Pankow can ultimately prove these claims is not properly before this court. The only issue is whether Pankow could, in theory, prove a set of facts to support this claim.

Despite the sufficiently pled breach of contract claim, Admiral argues that a claim for breach of contract is premature if it is brought before any damages

have been suffered.  Admiral's reliance on *Clinton v. Acequia, Inc.* to support its ripeness claim is misplaced.  Again, Pankow does not allege that it *anticipates* a breach of contract by Admiral; instead, Pankow alleges that Admiral has *already* breached the contract and, in doing so, has injured Pankow.  In short, *Clinton v. Acequia, Inc.* is inapposite to the instant case.  Ruling on a motion to dismiss for failure to state a claim, this court cannot conclude as a matter of law that Pankow will be unable to prove damages sufficient to support a breach of contract claim.

   Finally, to the extent that Admiral argues that Pankow lacks standing to bring a breach of contract claim, this argument is without merit.  Pankow alleges that it is an additional insured under the CGL policy issued to Sasco Electric by Admiral, such that it has standing to bring a breach of contract claim against Admiral.  *See*, *e.g.*, *Royal Surplus Lines Ins. Co., Inc. v. Ranger Ins. Co.*, 122 Cal. Rptr. 2d 459, 463 (Cal. Ct. App. 2002) ("An additional insured has standing to sue an insurer for breach of contract and breach of the implied covenant.").

   In short, Pankow has alleged facts which, if true, may entitle it to relief.  Dismissal of Count II of the Defendants' Counterclaim is simply not warranted.

\\

\\

\\

## V.  CONCLUSION

Based on the foregoing, the Plaintiff's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 30, 2006.



/s/ J. Michael Seabright

J. Michael Seabright
United States District Judge

*Admiral Insurance Co. v. Charles Pankow Builders et al.*, Civ. No.  06-00059 JMS/KSC; Order Denying Plaintiff's Motion to Dismiss Counterclaim